UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT SPENCER JENKS, III,
Petitioner,

vs

WARDEN, ELKTON FEDERAL
CORRECTIONAL INSTITUTION,
Respondent.

Case No. 1:17-cv-831

Black, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, an inmate in custody at the FCI Elkton in Lisbon, Ohio, has filed a pro se petition with this Court for federal habeas corpus relief. (Doc. 1). On December 28, 2017, the undersigned issued an Order for petitioner to show cause why this action should not be dismissed without prejudice to petitioner's refiling in the proper jurisdiction or venue. (Doc. 4). As noted in the Order, petitioner contends that he was convicted of manslaughter under 10 U.S.C. § 919 by a military court-martial and is unlawfully detained by the Federal Bureau of Prisons. Petitioner does not provide any information about his conviction or sentence, including the jurisdiction in which he was convicted. Because it did not appear that petitioner was challenging a conviction or sentence within the Southern District of Ohio and was in custody within the Northern District of Ohio, the undersigned noted that it appeared the case was not properly before this Court.

In his response, petitioner first moves for the undersigned to be disqualified and for the case to be reassigned to a District Court Judge. (*See* Doc. 6 at PageID 53–54). Plaintiff further maintains that he has no duty to state the jurisdiction in which he was convicted and sentenced. (*Id.* at 55–56). Finally, petitioner indicates that he never intended to file his petition in this Court, instead stating that the petition should have been filed with the Sixth Circuit Court of Appeals. (*Id.* at PageID 55, 57–59).

As an initial matter, petitioner's request that the undersigned be disqualified should be denied. This case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and the Cincinnati General Order of Assignment and Reference. Judges and magistrate judges are bound by the recusal standard set forth in 28 U.S.C. § 455(a), which requires a judge to recuse herself "if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *Ragozzine v. Youngstown State Univ.*, 783 F.3d 1077, 1079 (6th Cir. 2015) (quoting *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990) (discussing 28 U.S.C. § 455(a)). *See also Moniz v. Cox*, 512 F. App'x 495, 501 (6th Cir. 2013) ("[A] judge should disqualify [her]self only if there is a reasonable factual basis for doubting h[er] impartiality," as determined from an objective standpoint) (quoting *Khan v. Yusufji*, 751 F.2d 162, 164 (6th Cir. 1984)). Plaintiff has not established a basis for this Magistrate Judge's recusal.

Turning to the petition, it appears to the undersigned that the petition is properly construed as a petition brought under 28 U.S.C. § 2241. *See Witham v. United States*, 355 F.3d 501 (6th Cir. 2003) (finding that a habeas challenge to a court-martial conviction was properly brought under § 2241). Such a petition must be filed in the district court having jurisdiction over the prisoner's custodian. *See Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). *See also Wallace v. United States*, No. 97-3016, 1998 WL 45465, at *1 (6th Cir. Jan. 30, 1998) ("A § 2241 petition is properly considered by district court that has jurisdiction over the petitioner's custodian."). The United States District Court for the Northern District of Ohio has jurisdiction over this case because petitioner is incarcerated at FCI Elkton, which is located within the Northern District of Ohio.

Ordinarily, the Court would issue an order transferring this matter to the Northern District of Ohio. However, in light of petitioner's claim that he intended to file his petition as an original

action with the Sixth Circuit Court of Appeals under the All Writs Act, 28 U.S.C. § 1651, and not § 2241,[1] it is hereby **RECOMMENDED** that this matter be transferred to the Sixth Circuit Court of Appeals for all further proceedings.

Date: 2/26/18

Karen L. Litkovitz
United States Magistrate Judge

---

[1] Federal Rule of Appellate Procedure Rule 22 states that "[a]n application for a writ of habeas corpus must be made to the appropriate district court. If made to a circuit judge, the application must be transferred to the appropriate district court." Fed. R. App. P. 21, by contrast, states that "[a]n application for an extraordinary writ. . . must be made by filing a petition with the circuit clerk. . . ." In recommending that this case be transferred, the undersigned makes no determination as to whether this action is properly brought as an "extraordinary writ" pursuant to § 1651.

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT SPENCER JENKS, III,
Petitioner,

vs

WARDEN, ELKTON FEDERAL
CORRECTIONAL INSTITUTION,
Respondent.

Case No. 1:17-cv-831

Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).